Bobby Dan NEWTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 215–82.

Court of Criminal Appeals of Texas.

Oct. 27, 1982.

Robert Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty., and John D. Nation, Kevin Byrne, Mary Ludwick and R.K. Weaver, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR REVIEW

ODOM, Judge.

Appellant was convicted of burglary and punishment, enhanced pursuant to V.T. C.A., Penal Code Sec. 12.42(d), was assessed at life. The Court of Appeals affirmed the conviction. *Newton v. State,* 629 S.W.2d 206. We granted appellant's petition for discretionary review to consider the three grounds raised therein. We find the Court of Appeals erroneously disposed of the ground of error that asserted a violation of the Speedy Trial Act, Art. 32A.02, V.A.C. C.P., and therefore reverse the conviction.

The record reflects appellant was indicted on September 29, 1978. The State filed an announcement of ready for trial on October 9, 1978. The assistant district attorney assigned to the case testified appellant was not arrested until over a year later, in November of 1979. Trial was in May 1980.

In disposing of this ground of error the Court of Appeals relied on the rule that the State's announcement of ready within the statutory time period establishes a prima facie showing of compliance with the Act. *Barfield v. State,* 586 S.W.2d 538. Upon such a showing the burden shifts to the defendant to show the State was not ready within the prescribed time limit. *Barfield,* supra. Here the record shows appellant's

absence for over a year. The Court of Appeals ruled, and the State argues, that the absence of a defendant does not rebut that prima facie showing. With this conclusion we are unable to agree, because such a construction would render several provisions of the Speedy Trial Act meaningless. As observed by the Court of Appeals in *Lyles v. State,* 636 S.W.2d 268 (Tex.App. —El Paso 1982):

> "The State may be ready for trial from an evidentiary standpoint, and yet not ready for trial, under Article 32A.02, [V.A.C.C.P.] for failure to secure the presence of the defendant. The presence of the defendant is a readiness burden which falls upon the State. This is clearly indicated by the fact that the speedy trial tolling exceptions include three instances in which the State will not be charged with delays due to the defendant's absence."

Art. 32A.02, Sec. 4, V.A.C.C.P., provides in relevant part:

> "In computing the time by which the State must be ready for trial, the following periods shall be excluded:
>
> " . . .
>
> "(4) a period of delay resulting from the absence of the defendant because his location is unknown and:
>
> "(A) he is attempting to avoid apprehension or prosecution; or
>
> "(B) the state has been unable to determine his location by due diligence;
>
> "(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;
>
> " . . .
>
> "(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercised due diligence to obtain his presence for trial; . . ."

Because the statute specifically excludes time periods when the defendant is absent under the limited circumstances stated in Sec. 4(4), (5) and (9) quoted above,

it is obvious that mere absence of the defendant is a circumstance that, except for those specific statutory exclusions, does not toll the statute and therefore prevents the State from being ready within the meaning of the statute. If the absence of the defendant was intended by the Legislature to have no effect on the readiness of the State, there would be no need for the statutory exclusions of Sec. 4(4), (5) and (9). We therefore hold that appellant's absence effectively rebutted the *prima facie* showing of readiness made by the State.

Upon rebuttal by demonstration that the State was not ready for trial within the time allowed by the statute, the burden shifted back to the State "to prove there were excludable periods of delay that would extend the initial time limitation. See *Pate v. State,* 592 S.W.2d 620; *Barfield v. State,* supra." *Phipps v. State,* 630 S.W.2d 942. The potentially applicable exclusions under the statute for delay resulting from a defendant's absence are those quoted above. There is no evidence in the record that the provisions of Sec. 4(4)(B), (5) or (9) apply. The only provision relied on by the State in its alternative argument before this Court is Sec. 4(4)(A).

The State argues that the trial court could have found appellant was attempting to avoid apprehension, under Sec. 4(4)(A). As pointed out in the State's brief, this exclusion has two elements: the defendant's location must be unknown and the defendant must be attempting to avoid apprehension or prosecution. The State's only witness on the speedy trial motion was the assistant district attorney who had been assigned the case. His testimony was principally directed at the post arrest delays, from November 1979 to May 1980, not to the delay from indictment to arrest, September 1978 to November 1979. In its brief the State relies on appellant's testimony at the hearing:

> "Appellant admitted that he had heard that police wished to question him concerning the car used in connection with the . . . burglary. He knew of this matter, yet declined to get involved in it.

Although he testified he was in contact with several Irving police officers, he at no time informed them that he was wanted for questioning."

■ Appellant's testimony and other evidence shows he worked at several jobs during the time in question and used his true name. He resided and worked in the same locality during this time. Although he did not actively seek out the police after he had heard from his cousin that they wanted to talk to him about a car, neither did he flee the vicinity upon hearing that report. The evidence shows no act suggesting an attempt to avoid apprehension. The facts are clearly distinguishable from those of *Hamilton v. State*, 621 S.W.2d 407, relied on by the State, in which the defendant used a fictitious name. We must conclude the State has failed to discharge its burden to show an exclusion under Sec. 4 from the time by which the State must be ready for trial. Appellant is entitled to relief under the Speedy Trial Act.

The judgments of the Court of Appeals and the trial court are reversed, the indictment is ordered dismissed and appellant is ordered discharged under the terms of the Speedy Trial Act.

DALLY and McCORMICK, JJ., dissent.