Pedro FLORES, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–208–cr.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1982.

Horacio Barrera, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for unauthorized use of a motor vehicle. In his first ground of error, appellant contends that the court committed error in overruling his motion to dismiss the indictment under the provisions of the Speedy Trial Act. We agree.

On May 20, 1980, appellant was arrested in Cameron County for the above felony. On June 28, 1980, he was transferred to

Harris County on an outstanding warrant for aggravated assault. On August 6, 1980, he was indicted for unauthorized use of a motor vehicle in Cameron County. On September 10, 1980, appellant was adjudicated guilty in Harris County of misdemeanor assault and sentenced to 120 days in jail. Six weeks later, on October 23, 1980, appellant was returned to Cameron County. On November 6, 1980, appellant was appointed a lawyer and on December 1, 1980, he filed a motion under the Speedy Trial Act. At that hearing, the State announced ready for trial then and since the indictment was returned on August 6, 1980. (In their brief, the State argues that "except for the fact that appellant was in another county's jail, the State was at all times required under the Act, ready to proceed ...")

During the week of December 17, 1980, appellant was tried before a jury and was found guilty.

■ Preliminarily, the State contends that appellant failed to preserve anything for appellate review by not filing a written motion to dismiss the indictment. This contention is without merit. Though appellant's timely filed written motion is styled "Defendant's Motion for Speedy Trial," appellant in this motion alleges that he was confined for 180 days awaiting trial and does request that the indictment be dismissed. The court's docket sheet has an entry that reads "Set on Def's motion to dismiss for 5 Dec. 1980 2:00 p.m." The record also shows that at this hearing, the topic of discussion by all concerned were the provisions of the Speedy Trial Act. Therefore, though appellant's motion is not a model pleading, it was sufficient for appellant to invoke his rights under the Speedy Trial Act.

The question for us to determine is: Under these facts, was the trial court correct in excluding the 116 days (June 28, 1980 to October 23, 1980) appellant was in custody on other charges in Harris County?

Article 32A.02 of Tex.Code Crim.Pro., in pertinent part provides:

"Sec. 1. A court shall grant a motion to set aside an indictment ... if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

. . . . .

Sec. 2. ... a criminal action commences for purposes of this article when an indictment ... against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody ... in which event the criminal action commences when he is arrested.

. . . . .

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

(1) a reasonable period of delay resulting from other proceedings involving the defendant, including but not limited to proceedings for the determination of competence to stand trial, hearing on pretrial motions, appeals, and trials of other charges.

. . . . .

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

(A) he is attempting to avoid apprehension or prosecution; or

(B) the state has been unable to determine his location by due diligence;

(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;

. . . . .

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; ..."

■ It is evident then that our Speedy Trial Act addresses itself to prosecutorial delay rather than delay resulting from the judicial process itself. If the State announces ready *within the statutory time*

period, this establishes a prima facie showing of compliance with the Act. Upon such a showing, the burden shifts to the defendant to show that the State was not ready within the time limit. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). The presence of a defendant is a readiness burden which falls upon the State and the absence of a defendant rebuts a prima facie showing of ready. *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App.1982); *Lyles v. State,* 636 S.W.2d 268 (Tex.App.—El Paso 1982).

"The State may be ready for trial from an evidentiary stand point, and yet not ready for trial, under Article 32A.02, for failure to secure the presence of the defendant. The presence of the defendant is a readiness burden which falls upon the State. This is clearly indicated by the fact that the speedy trial tolling exceptions include three instances in which the State will not be charged with delays due to the defendant's absence." *Lyles v. State, supra,* 271. This language was adopted by the Court of Criminal Appeals in *Newton v. State, supra.* The court in *Newton* said: ". . . it is obvious that mere absence of the defendant is a circumstance that, except for those specific statutory exclusions, does not toll the statute and, therefore, prevents the State from being ready within the meaning of the statute. If the absence of the defendant was intended by the Legislature to have no effect on the readiness of the State, there would be no need for the statutory exclusions of Sec. 4(4), (5) and (9)."

█ In our case, since the presence of a defendant is a readiness burden which falls upon the State, appellant's absence effectively rebutted the prima facie showing of readiness made by the State. The burden then shifted to the State to prove that there were excludable periods of delay that would extend the initial time limitation. *Newton v. State, supra; Phipps v. State,* 630 S.W.2d 942 (Tex.Cr.App.1982); *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980).

Potentially, the applicable provisions of exclusion in our case were sections 4(1) and (9). We do not agree that Harris County could keep appellant in their custody for as long as was necessary to adjudicate the charges pending against him as the State argued at the hearing below. We also disagree that Cameron County had no burden to try to get appellant back within the time period.

Since the State failed to discharge its burden to show that the period of delay was reasonable under section 4(1) or that they exercised due diligence to obtain his presence under 4(9) or other exclusions under section 4 from the time by which the State must be ready for trial, appellant is entitled to the relief under the Speedy Trial Act.

The trial court erred in overruling appellant's motion to dismiss the indictment. In light of our disposition, the other grounds of error need not be addressed.

The judgment of the trial court is reversed and the indictment is ordered dismissed and the appellant discharged.

NYE, Chief Justice, dissenting.

I respectfully dissent. In response to appellant's motion, which was heard on December 5, 1980, the prosecutor announced that "The State had everything in its file then that we have now. And we're prepared to go to trial." I would hold that this statement was tantamount to an announcement that the State was ready for trial within the limitation period. This announcement created a rebuttal presumption that the State was ready for trial within the times required by the statute. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App. 1979).

Appellant contends that the evidence adduced on the motion rebuts this presumption by showing that the State had not actually secured his physical presence in the trial court.

By way of stipulation the following sequence of events was established. The criminal action commenced on May 20, 1980, when appellant was arrested for unauthorized use of a motor vehicle. Appellant remained in custody in Cameron County under this charge until June 28, 1980, (the

40th day) when he was transferred to Harris County for trial on an outstanding aggravated assault charge. On August 6, 1980, (day 78) appellant was indicted for the offense which had resulted in his arrest on May 20. On September 10, 1980, (day 113) appellant was sentenced in Harris County and began serving a ten-month jail term in Harris County jail. September 16, 1980, (day 120) was the last day of the 120-day limitation period applicable to this case. Because of a "hold" placed on him by Cameron County, appellant, after serving his sentence, was returned to Cameron County on October 23, 1980, for trial under the indictment. On October 29, 1980, the indictment capias was served on appellant. On November 6, 1980, the trial court appointed counsel to represent appellant at trial. On November 12, 1980, appellant was arraigned. The case was set for trial on December 5, 1980, but was not reached because of a crowded docket. The trial finally began on December 17, 1980.

The prosecution cannot be ready for trial under the "Speedy Trial" statute unless within the limitation period it causes the defendant to be placed in a status whereby he can be compelled to appear at trial. *Lyles v. State,* 636 S.W.2d 268 (Tex.App.— El Paso 1982). A defendant who is arrested and is placed in a Texas jail subject to a "hold" to answer charges in another county is in a status which enables the State to compel his presence at any time for trial.

The evidence shows that appellant was arrested by Cameron County authorities for the offense of unauthorized use of a motor vehicle on May 20, 1980. It must be presumed that, as far as Cameron County is concerned, he remained in that status through September 16, 1980, until the day of his trial, there being nothing in the record to indicate he was ever released from custody under those charges. Even though appellant was physically in Harris County between August 6 and September 16, he was still in the constructive custody of Cameron County because of its "hold." He was available for trial in Cameron County by means of a bench warrant at any time the case was set and called for trial within

the limitation period. The majority would have Cameron County go to the added expense of bringing the defendant down from Harris County to Cameron County within the 120-day period, *to prove to the defendant* that they were "ready for trial." This is in contravention of the Speedy Trial Act and is wrong.

Appellant was apprehended and placed in custody under the charges. His whereabouts were always known within the limitation period. I would hold that his presence for trial was thereby secured and that, in this regard, the State was ready for trial. Ground of error one should be overruled.