Clemente Moya RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.
(Two Cases)

Nos. 04–81–00305–CR, 04–81–00306–CR.

Court of Appeals of Texas,
San Antonio.

June 15, 1983.

**122**

Shirley A. Ehrlich, San Antonio, for appellant.

Bill White, Dist. Atty., Steven C. Hilbig, Joseph Casseb, John Horn, III, Asst. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for delivery of a controlled substance, namely: heroin (two cases). After a trial before the court, appellant was found guilty as charged on the two cases, tried jointly, and punishment was assessed at seven (7) years in each case to the Texas Department of Corrections.

Appellant contends in his two assignments of error that he was denied a speedy trial in violation of Tex.Code Crim.Proc. Ann. art. 32A.02 (Vernon Supp.1982–1983), and in violation of the United States Constitution and the Texas Constitution.

The relevant facts show that the offenses occurred February 28, 1980, and March 4, 1980. The indictments on both cases were filed September 17, 1980. During the time between the dates of the offenses and the date of the indictment, appellant was in custody at the Bexar County Jail on a federal charge. By stipulation, the parties agreed that the time under the Speedy Trial Act began running September 17, 1980. Appellant remained in custody at the Bexar County Jail until September 26, 1980, when he was released to the custody of the U.S. Marshal from Houston. On the same day the State filed its announcement of ready. After he was transferred the State did not initiate any effort to return appellant to Bexar County until February 24, 1981. Appellant wrote two letters to the district attorney, on March 6, 1981, and March 30, 1981, demanding a speedy trial. Appellant was returned to Bexar County on August 5, 1981, and tried before the court August 27, 1981. He filed his motion to dismiss for denial of a speedy trial on August 24, 1981.

Tex.Code Crim.Proc.Ann. art. 32A.02, *supra*, entitled, "Time limitations," provides in relevant part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony.

\* \* \* \* \* \*

Section 4. In computing the time by which the state must be ready for trial the following periods shall be excluded:

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

(B) the state has been unable to determine his location *by due diligence.*

(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the *state is aware of the detention* and *exercises due diligence* to obtain his presence for trial.... (Emphasis ours).

■ By stipulation, the parties agree that the speedy trial time began with the indictment on September 17, 1980, and that appellant was in custody at the Bexar County Jail until September 26, 1980, when he was released to the U.S. Marshal from Houston, Texas. The critical 120-day period ended January 17, 1981. If the delay was caused because the State was not ready for trial, then under the terms of the Act this case should have been dismissed. The Texas Act is of the type of speedy trial scheme that addresses itself to prosecutorial delay rather than the judicial process. *Barfield v. State,* 586 S.W.2d 538, 541 (Tex.Cr. App.1979). The late filing of appellant's motion to dismiss does not constitute a waiver. The Court of Criminal Appeals in *Valadez v. State,* 639 S.W.2d 941, 942 (Tex. Cr.App.1982), granted discretionary review on this question, stating: "Delay by agreement or other justifiable cause under Section 4 of the Act *after* accrual of the right to dismissal by expiration of the applicable time period does not constitute a waiver."

■ The State's assertions that it was ready for trial are unacceptable. There is no evidence that the State made any effort to place a detainer on appellant and insure his presence for trial in Bexar County on these offenses while he was in the State's custody at the Bexar County Jail. The undisputed evidence shows that the State released appellant to the custody of the U.S. Marshal from Houston. The State could not have been ready under any circumstances because appellant was not available. In *Lyles v. State,* 636 S.W.2d 268, 271 (Tex.App.—El Paso 1982), *aff'd,* 653 S.W.2d 775 (Tex.Cr.App.1983) (not yet reported), the court addressed an issue wherein the defendant was not available for trial, stating:

> The State may be ready for trial from an evidentiary standpoint, and yet not ready for trial, under Article 32A.02, for failure to secure the presence of the defendant. The presence of the defendant is a readiness burden which falls upon the State.

*See also Newton v. State,* 641 S.W.2d 530, 531 (Tex.Cr.App.1982). The second critical period starts February 24, 1981, when the State first made a request to federal authorities for temporary custody of appellant. The record reflects that appellant did on February 28, 1981, mail a letter to the State in which he acknowledged receipt of a request for temporary custody and made a demand for a speedy trial. On March 6, 1981, appellant mailed a second letter saying, "It has been 6 months since I was served the indictment, I have not been taken to court or notified of any action. I hereby demand a speedy trial." On March 30, 1981, appellant mailed a third letter demanding a speedy trial. The potentially applicable exclusions resulting from appellant's absence are those provided by Article 32A.02, Section 4(4)(B)(9), *supra,* which clearly requires that the State exercise due diligence to obtain the presence of the defendant for trial. Subsection 4 is applicable to the first critical period prior to February 24, 1981, when the State said it did not know where appellant was. Any inquiry would have shown appellant was at the Bexar County Jail until September 26, 1981, when he was released to the custody of the U.S. Marshal from Houston. The State has failed to show the required exercise of due diligence in this regard.

■ The State argues that the exclusion under subsection (9) applies since appellant was in custody in another jurisdiction. The problem with the State's contention is its assertion that the State first found out that appellant was in detention in another jurisdiction on February 24, 1981, which is past the 120-day period allowed the State in bringing appellant to trial. Subsection (9) provides for the exclusion of time, *"if the State is aware of the detention".* (Emphasis ours.) Consequently, subsection 9 was not applicable from the period beginning September 17, 1980 (the stipulation) to February 24, 1981, when the State says it first became aware of the detention. "[A]ppellant's absence effectively rebutted the *prima facie* showing of readiness made by the State." *Newton v. State, supra,* at 531.

■ We thus conclude that the State has failed to discharge its burden under *Lyles*

and *Newton, supra,* to secure the presence of appellant for trial within the 120 days time limitation prescribed by statute. There is absolutely no evidence that the State exercised due diligence between September 17, 1980, and February 24, 1981. Appellant is entitled to relief under the Speedy Trial Act. We do not reach appellant's second ground of error.

The judgment of the trial court is reversed, the indictment is ordered dismissed and appellant discharged under the terms of the Speedy Trial Act.