Gerald Wayne PRINCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 763–82.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Rehearing Denied March 4, 1987.

Rehearing Dismissed June 29, 1988.

George R. Milner, Gary A. Udashen, Dallas, for appellant.

Henry Wade, Dist. Atty., and W.T. Westmoreland, Jr., Ken Carden, Doug Fletcher, and Kathi Alice Drew, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Cathleen R. Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged by an indictment with committing the offense of attempted murder. The jury found appellant guilty; punishment, enhanced by two prior felony convictions, was assessed at life imprisonment. The Dallas Court of Appeals affirmed the conviction. *Prince v. State*, 638 S.W.2d 550 (Tex.App.—Dallas 1982). Appellant's petition for discretionary review was granted on the issue of whether the trial court erred in failing to grant appellant's motion to dismiss the indictment on the basis of an alleged violation of the Speedy Trial Act.

The sequence of events is as follows: a complaint of attempted murder was filed on August 7, 1979; an indictment was returned on September 4, 1979; appellant was reindicted with enhancement paragraphs on November 12, 1979; on November 20, 1979, the State announced ready; on December 14, 1979, appellant was in the custody of federal authorities in Leavenworth, Kansas; on February 1, 1980, Dallas County authorities placed a detainer on appellant with regard to the instant charge while he was in the custody of federal authorities in Texarkana; on February 15, 1980, appellant arrived in Dallas in order to stand trial on the state charge; shortly thereafter, the initial federal charges were dismissed, and appellant was charged, tried, and convicted on a federal escape charge; on April 4, 1980, appellant was transferred back to Leavenworth; on October 29, 1980, Dallas County authorities placed a second detainer on appellant with the federal authorities; in December of 1980, the assistant district attorney assigned to this case instituted proceedings

to have appellant returned to Dallas under the Interstate Agreement on Detainers Act, Art. 51.14, V.A.C.C.P.; on January 13, 1981, appellant was returned to Dallas County, and was tried on April 27, 1981.

Significant to our resolution of this case is the absence of certain facts. The record is devoid of proof as to the whereabouts of appellant until December, 1979. We do know that, according to appellant, he was in continuous confinement since December 14, 1979. When appellant was returned to Dallas County, trial on the state charges was set for sometime in April of 1980. After his trial and conviction on federal escape charges, however, he was sent back to Leavenworth. There is nothing in the record explaining the State's release of appellant to the federal authorities, nor is there evidence as to why the parties did not go to trial on the state charge prior to releasing appellant to federal custody.

The Dallas Court of Appeals, in overruling appellant's claim that his rights under the Speedy Trial Act had been violated, held that no evidence was offered to rebut the state's claim of readiness made on November 20, 1979, and that the requirements of the Speedy Trial Act were fulfilled, citing *Barfield v. State*, 586 S.W.2d 538 (Tex. Cr.App.1979).

Article 32A.02, V.A.C.C.P., provides, in pertinent part:

Sec. 1. A Court shall grant a motion to set an indictment ... if the state is not ready for trial within:

(1) 120 days of the commencement of criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

(2)(a) Except as provided in Subsections (b) and (c) of this section, a criminal action commences for purposes of this article when an indictment ... or complaint against the defendant is filed in court.

\* \* \* \* \* \*

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

A) he is attempting to avoid apprehension or prosecution; or

B) the state has been unable to determine his location by due diligence;

(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;

\* \* \* \* \* \*

(9) a period of delay resulting from detention of the defendant in another jurisdiction if the State is aware of the detention and exercises due diligence to obtain his presence for trial....

An announcement of ready by the State constitutes a prima facie showing that the State has complied with the requirements of the Speedy Trial Act. *Phipps v. State*, 630 S.W.2d 942, 947 (Tex. Cr.App.1982), citing *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979), and *Barfield*, supra. This prima facie showing, however, may be rebutted by proving that the defendant was absent during the time in which the State claimed to be ready. *Newton v. State*, 641 S.W.2d 530 (Tex.Cr. App.1982). The absence of the defendant is a circumstance that prevents the State from being ready as contemplated by the Speedy Trial Act. *Id.* Once the prima facie showing of readiness has been rebutted, the State must prove that there were excludable periods of delay that would extend the initial time limitation. *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.1980), cited in *Phipps*, supra at 947. The germane excludable periods are contained in subsections (4), (5) and (9) of Section 4 of Art. 32A.02, V.A.C.C.P. *Newton*, supra at 531.

In the case at bar, the State first filed an announcement of ready on November 20, 1979. At the hearing on appellant's Speedy Trial claims in April, 1981, the assistant district attorney in charge of the case stated that at all times from the time

the indictment was returned until trial began the State was ready. The evidence shows, and the State concedes, however, that the appellant was in federal custody from April 4, 1980, until January, 1981. Appellant's absence effectively rebuts the State's prima facie showing of readiness. *Newton,* supra.

We must next determine whether appellant's absence was excludable from the time by which the State must be ready under Art. 32A.02. Although the State has presented us with no specific provisions, the potentially applicable exclusion is Sec. 4(9), where the delay is occasioned by the detention of the defendant in another jurisdiction, the State is aware of the detention, and the State exercises due diligence to obtain the defendant's presence for trial.

■ The evidence shows that from April 4, 1980, until January 13, 1981, appellant was in federal custody, and that the State was aware of this detention. Our determination, therefore, must focus upon the due diligence, if any, exercised by the State to obtain appellant's presence for trial.

There is no evidence showing that the State tried to prevent appellant's transfer to federal authorities, that a federal detainer had been filed on appellant, nor that the State was compelled to remand appellant to federal custody. The evidence does establish that the State waited almost seven months before it even filed a detainer in order to return appellant to this State for trial.[1] The State clearly had the opportunity to try appellant subsequent to his initial return by federal authorities in February of 1980, yet it failed to do so. The State also failed to provide an adequate explanation for the delay in seeking appellant's return for trial. No due diligence is shown.

Since the State failed to exercise due diligence to obtain appellant's presence for trial, the Speedy Trial Act was not tolled during his absence while in federal custody. At the very least, the State lost readi-

ness in April, 1980. Appellant was not afforded his rights under the Speedy Trial Act. The trial court erred in failing to discharge appellant.

Appellant's third ground of error is sustained.

The judgments of the court of appeals and the trial court are reversed and the cause is remanded to the trial court for purposes of entering an order setting aside the indictment pursuant to Art. 32A.02, V.A.C.C.P., and discharging the appellant pursuant to Art. 28.061, V.A.C.C.P.

ONION, P.J., W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.

## OPINION ON STATE'S MOTIONS FOR REHEARING

PER CURIAM.

On original submission we reviewed the decision of the Dallas Court of Appeals in *Prince v. State,* 638 S.W.2d 550 (Tex.App. —Dallas 1982). A majority of the Court concluded that the State had failed to exercise due diligence to obtain presence of appellant for trial pursuant to the Texas Speedy Trial Act (Act) and, accordingly, we reversed the judgments of the court of appeals and of the trial court and remanded the cause to the trial court for purposes of entering an order setting aside the indictment and discharging appellant. *Prince v. State,* 754 S.W.2d 155 (Tex.Cr.App.1984). The State, through her local district attorney and the State Prosecuting Attorney, timely filed separate motions for rehearing, which were granted June 26, 1985.[1]

On the merits we adhere to the decision of the Court on original submission. *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App. 1982).

Though not stated as a ground for rehearing, the district attorney argues that the Act is unconstitutional because its caption is defective under Article III, § 35 of

---

1. We do not address the issue of whether simply filing a detainer is sufficient to constitute due diligence on the State's part since that issue is not before us.

1. Part of the inordinate delay in addressing those motions was caused by an inadvertent misplacement of the cause file.

the Constitution of Texas. The State Prosecuting Attorney presents a ground for rehearing that asserts three reasons for finding the Act unconstitutional, one of which is the caption contention.

None of those contentions and assertions were advanced in the Dallas Court of Appeals as reasons to deny appellant's ground of error; they are presented here for the first time on rehearing. Because the court of appeals in this cause was never asked to consider the constitutionality of the Act, that court did not render a decision for this Court to review on those questions, either on original submission or now on motion for rehearing. Article 44.45(b), V.A.C.C.P., Tex.R.App.Pro.Rule 202(a). See *Lambrecht v. State*, 681 S.W.2d 614 (Tex.Cr.App.1984).

Furthermore, as to the caption question, we have held in *Baggett v. State*, 722 S.W. 2d 700 (Tex.Cr.App.1987), that under the recent amendment to § 35 a court no longer has the power to declare an act of the Legislature unconstitutional for an insufficient caption. See *Coronado v. State*, 725 S.W.2d 253 (Tex.Cr.App.1987).

Accordingly, the State's motions for rehearing are now overruled.

ONION, P.J., and McCORMICK, CAMPBELL and WHITE, JJ., concur in the result.