Robert Carlton **LEONARD, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 01–84–0238–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 14, 1985.

Jim Steele, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Carol Cameron, Asst. Dist. Attys., Houston, for appellee.

Before WARREN, DUGGAN and HOYT, JJ.

**OPINION**

WARREN, Justice.

On a plea of guilty, the court found appellant guilty of evading arrest and assessed his punishment at 90 days in jail. We affirm.

Appellant's sole ground of error urges that the trial court erred in overruling the motion to dismiss the information under Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp.1984), the Texas Speedy Trial Act.

On April 20, 1983, appellant was arrested and charged by information with the offense of evading arrest, a misdemeanor.

Appellant posted bond, but failed to appear at an April 27 court setting or at a May 5 setting. On the latter date, the judge forfeited the bond and issued a capias for appellant's arrest.

Appellant was rearrested on January 3, 1984. After nine agreed resettings, the case was tried on April 4.

At a hearing on appellant's motion to dismiss because of the state's noncompliance with the Texas Speedy Trial Act, the prosecutor testified that the state had been ready at all times since April 20, 1983. Testimony was also adduced showing that from April 1983 until January 1984, appellant's bondsman or parole officer could not locate him, that appellant used several aliases and was in fact arrested by Houston Police Officer Wendall Kendrick for unrelated offenses in June 1983.

Appellant contends that since he was not in custody at the time the state announced ready, the announcement was a nullity; therefore, the burden was on the state to show that it exercised diligence in attempting to rearrest appellant during his nine-month absence and thereby show an exception under the Speedy Trial Act.

Generally the state's announcement of ready within the statutory time period establishes a prima facie showing of compliance with the Speedy Trial Act. *Barfield v. State*, 586 S.W.2d 538 (Tex. Crim.App.1979). Once the state announces ready, the burden shifts to the defendant to show that the state was not ready during the statutory time period. *Barfield*, 586 S.W.2d at 542. An accused's absence effectively rebuts the prima facie showing of readiness made by the state. *Newton v. State*, 641 S.W.2d 530 (Tex.Crim.App.1982). The burden then shifts back to the state to prove excludable periods of delay that would extend the initial time limitation. *Newton*, 641 S.W.2d at 530.

The state contends that under the provisions of article 32A.02, section 4(4)(A), the period from April 20, 1983, to January 6, 1984, should be excluded from the 60-day time limit requirement because the appellant's location was unknown and he was attempting to avoid apprehension or prose-

cution. We agree. Article 32A.02 provides in part:

> Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:
>
> . . . . .
>
> (4) a period of delay resulting from the absence of the defendant because his location is unknown and:
> (A) he is attempting to avoid apprehension or prosecution; or
> (B) the state has been unable to determine his location by due diligence.

The statute provides that in addition to the requirement that the defendant's location was unknown, the state must prove either that the defendant was attempting to avoid apprehension, *or* that the state was unable to determine the defendant's location by due diligence. The state chose to prove an exception under subsection 4(4)(A).

The record reflects that the only address given by the appellant when he was arrested on April 20, 1983, was an address that did not exist, and that the state did not know of the appellant's whereabouts once he left jail. The record also reflects that on June 22, 1983, Officer Kendrick arrested a Robert Ray Shelby, who was actually the appellant. Officer Kendrick was aware that the appellant was also called "Beeper Bob" and "Robert Racio," but he was not aware that "Beeper Bob" was also known as Robert Carlton Leonard and Robert Wilmer Schmalsried. The appellant was then on parole under the name Schmalsried, but failed to maintain contact with his parole officer. When the appellant was arrested on June 22, he was not formally charged because he gave the police information that helped destroy a methamphetamine manufacturing operation.

Officer Kendrick again encountered the appellant during a drug investigation on December 7, 1983. On that date he understood the appellant's name to be Robert Wilmer Schmalsried. Officer Kendrick attempted to arrest the appellant, but the appellant escaped in a blue Camaro. Officer Kendrick wrote the number of the license plate and found that the car belonged to the appellant's sister. However, her address was also nonexistent.

An informant told Officer Kendrick that the appellant would often stay at the Dunfey Hotel. When Officer Kendrick found the blue Camaro at the hotel, he set up surveillance, saw appellant come out of the hotel, and arrested him. The appellant's room at the hotel was registered under the name Bob Mennick. At the time of arrest, appellant was carrying an identification card with the last name "Rossman," although the evidence did not conclusively establish that the appellant also used that name.

In *Hamilton v. State*, 621 S.W.2d 407 (Tex.Crim.App.1981), the court held that when a defendant was in jail under an assumed name because of an unrelated charge, and the prosecutor was unaware of those facts, the court could have concluded that the defendant's use of an assumed name was to avoid prosecution for the offense in which he was charged. We find that under the circumstances of this case, the trial court could have concluded that the appellant was attempting to avoid prosecution. The appellant used several assumed names. He attempted to avoid apprehension on December 7 and succeeded. He listed a fictitious address when he was originally arrested. He drove a car which was also listed under a fictitious address. Finally, although he was on parole for another offense, under a different name, he failed to maintain contact with his parole officer. The evidence is sufficient to support a finding that the appellant, by using several assumed names and listing a nonexistent address, was attempting to avoid apprehension or prosecution. Therefore, the trial court correctly excluded the period from April 27, 1983, to January 6, 1984, from the calculation of the 60-day period. Further, since the defendant voluntarily absented himself and failed to appear at the court settings, the state was not required to show diligence or establish an exception

to the Speedy Trial Act. Appellant's ground of error is overruled.

In view of our disposition of this ground of error, we need not consider the state's contention that the Speedy Trial Act is unconstitutional.

The judgment is affirmed.