Carlos CRIOLLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–86–036–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 9, 1986.

Alex Luna, Victoria, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

A jury convicted appellant for the offense of aggravated sexual assault and assessed punishment at ninety-nine years' imprisonment. Appellant brings two grounds of error. We affirm the judgment of the trial court.

Appellant, by his first ground of error, complains that a pre-trial identifica-

tion was unnecessarily suggestive so as to taint any in-court identification. On April 26, 1985, appellant raped a twelve-year-old girl. The girl's ordeal required her to be in appellant's company for fifty minutes. Based on a description given by the girl, the suspect was identified as appellant by his employer. After his arrest, the girl was shown a photo line-up, of which appellant complains. Five of the six pictures were 3 and ⅛ inches by 3 and ⅛ inches in size. The sixth, appellant's photo, was 4 and ½ inches by 3 and ½ inches. Convictions based on eyewitness identification at trial, following a pretrial photo identification, will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *Ward v. State*, 474 S.W.2d 471, 475 (Tex.Crim.App.1971). Further, appellant complains the photo identification was suggestive because not all of the photos matched the girl's description. Two of the photographs depicted men heavier than appellant, and three of the photographs depicted men with longer hairstyles than appellant's. "While it might be better practice to use photographs which portray persons whose every feature matches the pre-identification description, we do not feel that either due process of law or common sense requires such procedure." *Id.* at 476. However, the discrepancies in the features, coupled with the larger photograph, created a suggestive photo line-up. The Court in *Jackson v. State*, 657 S.W.2d 123, 129 (Tex.Crim.App.1983) outlined five factors to be weighed against a suggestive identification in assessing its reliability.

■ The first factor is the opportunity to view. The victim spent fifty minutes in the sole company of appellant during the rape. The rape occurred in daylight around 5:00 p.m. The victim had ample opportunity to view the rapist as he drove her around the countryside before committing the rape.

The second factor is the degree of attention. The victim was confined to the front seat of the car during the abduction and had conversation with the appellant. She gave more than an ordinary description of the suspect, his clothing, and the bicycle he rode before abducting her in her father's car.

The third factor is the accuracy of the description. The victim's description was accurate enough for appellant's employer to identify him from merely the description.

The fourth factor is the witness's level of certainty. The victim's identification did not waiver at trial or during the photo line-up. Further, the appellant's gold dental work heightened the victim's certainty of her identification.

The fifth factor is the time between the alleged crime and the confrontation. Approximately twenty-five days elapsed between the crime and the photo line-up. This is not such a lengthy delay in which a witness may tend to forget the perpetrator's physical characteristics.

While the identification procedure was suggestive, under the totality of the circumstances, there did not exist a substantial likelihood of misidentification. *Id.* at 130. We overrule appellant's first ground of error.

■ Appellant, by his second ground of error, complains that he lacked a speedy trial as required by TEX.CODE CRIM. PROC.ANN. art. 32A.02, § 1 (Vernon Supp.1986). Appellant was arrested in California on May 2, 1985. Travis County, based on an alleged aggravated robbery charge against appellant, sought extradition, which appellant opposed. On June 7, 1985, Goliad County indicted appellant for sexual assault. On June 7, 1985, the State announced ready for trial. California, following the extradition hearing, released appellant to Travis County to face the aggravated robbery charges. On September 9, 1985, Travis County dismissed the charges against appellant, and Goliad County finally obtained appellant's presence. Although the State on June 7, 1985, may have been ready for trial from an evidentiary standpoint, the State was not ready for trial under article 32A.02 without the presence of the defendant. *Lyles v. State*, 653

S.W.2d 775, 777 (Tex.Crim.App.1983); *Newton v. State,* 641 S.W.2d 530, 531 (Tex.Crim.App.1982). Therefore, since the appellant was not present when the State announced ready, the burden then shifted to the State to produce the appellant before the 120–day deadline. *Lopez v. State,* 663 S.W.2d 908, 913 (Tex.App.—Corpus Christi 1983, pet. granted).

■ The commencement of the criminal action against appellant occurred on May 2, 1985, with his arrest in California for the Texas sexual assault and aggravated burglary charges. The period of time from May 2, 1985, until September 9, 1985, is excluded in computing the time by which the State must be ready for trial. Pursuant to subsections 1, 5, and 9 of article 32A.02, § 4, a reasonable period of delay resulting from other proceedings involving the defendant, a period of delay resulting from the unavailability of the defendant because he resists being returned to the state for trial, and a period of delay resulting from the defendant's detention in another jurisdiction, if the State exercises due diligence to obtain his presence, are excluded when computing the time by which the State must be ready for trial.

Therefore, the State met its prima facie showing of ready on September 13, 1985; five days, based on the computation of time as provided by article 32A.02, after the commencement of the criminal action. Appellant, at the hearing on the motion for speedy trial, was unable to show that the State was otherwise not ready for trial at the time the State announced ready. We overrule appellant's second ground of error.

The judgment of the trial court is affirmed.