**Willie Fred LEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63876.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

Howard D. Pattison, Athens, for appellant.

**534**

Glen M. Ashworth, Dist. Atty. & Bruce A. Strange, Asst. Dist. Atty., Kaufman, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for burglary of a habitation. The punishment, enhanced by allegation and proof of two prior felony convictions, was assessed at life imprisonment by the court following a guilty verdict as to the primary offense.

In his sole ground of error appellant contends the court erred in overruling his motion to set aside the indictment under Article 32A.02, V.A.C.C.P., for lack of a speedy trial.

The record reflects the appellant was arrested by Kaufman County deputy sheriff Robert May on October 4, 1978 for the primary offense of burglary of a habitation and placed in jail. On October 5, 1978, the appellant was released on a personal bond.[1] A warrant of arrest was issued by a Justice of the Peace on October 12, 1978. Appellant was indicted on December 5, 1978 and arrested in Dallas on December 27, 1978.

At docket call on March 16, 1979, the appellant filed his speedy trial motion under Article 32A.02, supra. The State also formally announced "ready" for trial on this date. Appellant's trial commenced on March 27, 1979. On March 29, 1979, the court conducted a hearing on the said motion at the conclusion of which it overruled the motion.

At the hearing deputy May testified appellant was released on personal bond at the request of the Terrell city police who wanted to use the appellant as an informer regarding a burglary that was supposed to "go down" on the night of October 5, 1978. May testified he had an agreement with the Terrell police the appellant was to return in two days, but admitted that was not a condition of the bond. May testified appellant called him on the night of October 5th, but the burglary expected did not occur. He later attempted to locate appellant at the address given on the bond and was unable to do so. On October 12, 1978, he obtained a warrant of arrest. On December 27, 1978, after the indictment, May arrested the appellant at an apartment complex in Dallas.

Officer May related no effort was made to forfeit the bond and letters were not sent

1. The record is replete with references to the bond as a "personal recognizance bond." An examination of the bond shows that it is a personal bond as provided in Chapter 17 of the 1965 Code of Criminal Procedure. There is no form of bail known as a "personal recognizance bond" in Texas criminal practice.

Under the 1925 Code of Criminal Procedure there were bail bonds (Articles 269, 270 and 273, V.A.C.C.P.) and recognizances (Articles 268 and 272, V.A.C.C.P.) as forms of bail. The 1925 Code did not provide for a personal bond or a personal recognizance.

In the 1965 Code of Criminal Procedure, the definition of "bail" was set forth in Article 17.01 to specify that a bail bond as well as the newly created personal bond was included in said definitions. Articles 17.03, 17.031 and 17.-04 include reference to a personal bond, requisites thereof and release on a personal bond. Old Articles 268 and 272 were repealed and the term "recognizance" was deleted from the Code. There is now no form of recognizance set forth in the 1965 Code of Criminal Procedure, much less a personal one.

A "recognizance" under the 1925 Code of Criminal Procedure was defined as "an undertaking entered into, before a court of record in session by the defendant in a criminal action, and his sureties, by which they bind themselves, respectively, in a sum fixed by the court, that the defendant will appear for trial before such court upon the accusation against him. Such undertaking is not signed, but is a matter of record in the court where the same is entered into. See Article 268, V.A.C.C.P., 1925.

There is no such thing as a "personal recognizance bond." Using such phrase is the same as saying "personal bail-bail" with the first form being non-existent in Texas criminal practice.

The only reference to a personal recognizance (not personsal recognizance bond) is found in Article 1911a, V.A.C.S., dealing with contempt of an officer of the court. Even here the practice is to utilize a personal bond rather than a personal recognizance when a lawyer has been held in contempt.

to the address on the bond in an attempt to locate appellant before his arrest.

Deputy sheriff Charles McComas testified he talked over the telephone to the appellant on the night of October 5, 1978, that the appellant told him he was in Garland in Dallas County. McComas admitted he asked the appellant to try and locate the people that had a ring and a gun that had been stolen, and told him to "keep hunting" until he found them or could obtain any information.

Appellant testified after his arrest on October 4, 1978, he was released on a personal bond; that he was supposed to go to Dallas to locate a gun and a ring that had been stolen in Kaufman County, and that after he located these items he was supposed to learn about a burglary. He related he called the sheriff's office twice and they called him once; that he had no knowledge as to when he was to return; that he was never told to return in two days when he was released; that he had never tried to hide. Appellant revealed the address on the bond was his mother's address where he received most of his mail and that he received no notice there.

■ The appellant contends the State failed to comply with the mandatory provisions of Article 32A.02, V.A.C.C.P., by failing to be ready for trial within 120 days of his arrest for the felony offense of burglary of a habitation. There can be no question that the criminal action in the instant case commenced for the purposes of the Speedy Trial Act when the appellant was first arrested on October 4, 1978. If the State is not ready within 120 days of the commencement of the criminal action and none of the exclusions of time apply, the indictment is subject to being set aside and the defendant discharged upon proper motion by the defendant. See Article 28.061, V.A.C.C.P.

■ A timely announcement of "ready" is a prima facie showing that the State is ready for trial as the statute requires, and such a prima facie showing may be made at the hearing on the motion to set aside an indictment by a declaration that it was ready and had been ready within the statutory time limit. *Barfield v. State,* 586 S.W.2d 538 (Tex.Cr.App.1979). When this is done, the burden shifts to the defense to show otherwise. *Scott v. State,* 634 S.W.2d 853, 855 (Tex.Cr.App.1982); *Callaway v. State,* 594 S.W.2d 440 (Tex.Cr.App.1980); *Fraire v. State,* 588 S.W.2d 789 (Tex.Cr. App.1979).

■ In *Scott v. State,* 634 S.W.2d 853, 855 (Tex.Cr.App.1982), it was held the defendant was entitled to relief under the Speedy Trial Act where the State made no declaration of readiness either when the defendant filed his motion to set aside the indictment (after the expiration of the 120 days), or at a hearing on said motion, and only the announcement of ready was at commencement of the trial on the merits and that announcement did not include declaration that the State had been ready within statutory time limit. See also *Pate v. State,* 592 S.W.2d 620 (Tex.Cr.App.1980). Under these circumstances the burden shifts to the State.

The 120 days after October 4, 1978, the date of appellant's arrest, was February 2, 1979. The appellant filed his motion to set aside the indictment on March 16, 1979, 162 days after his arrest. For the first time on that date the State announced ready for trial. There was no declaration it had been ready for trial during the statutory time limit. On March 29, 1979, the court heard the motion and overruled it. It made no findings of facts or conclusions of law.

■ It would appear from the dates alone that appellant was entitled to relief under the Speedy Trial Act and the holding in Scott. The State, however, argues, first, that the district judge had three counties in his district and maintained both civil and criminal dockets in those counties, and had to apportion his time among the counties, that the instant case proceeded through the county judicial system in an orderly and regular fashion. As stated, however, in *Barfield v. State,* supra, the Speedy Trial Act refers to the "preparedness of the prosecution for trial, and does not encompass the trial court and its docket." See also

*Scott v. State,* supra, at p. 855. The State's first contention is overruled.

The State secondly argues that the appellant was "a fugitive" for 81 days in 1978[2] and when this is excluded from the time limitation, the State was not required to announce ready until April 23, 1979, and the appellant was tried on March 29, 1979.

In *Newton v. State,* 641 S.W.2d 530 (Tex.Cr.App. 1982) (Opinion on Appellant's Petition for Review), this court held that the mere absence of a defendant is a circumstance that, except for those specific statutory exclusions [Article 32A.02, §§ 4(4), (5) and (9)], does not toll the statute.

Article 32A.02, § 4, V.A.C.C.P., provides in relevant part:

"In computing the time by which the State must be ready for trial, the following periods shall be excluded:

" * * *

"(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

"(A) he is attempting to avoid apprehension or prosecution; or

"(B) the state has been unable to determine his location by due diligence;

"(5) a period of delay resulting from the unavailability of the defendant whose location is known to the state but whose presence cannot be obtained by due diligence or because he resists being returned to the state for trial;

" * * *

"(9) a period of delay resulting from detention of the defendant in another jurisdiction, if the state is aware of the detention and exercises due diligence to obtain his presence for trial; ..."

There is no evidence in the instant case that the provisions of said §§ 4(5) and (9) apply. It appears the State's argument is that §§ 4(4)(A) and (B) are applicable.

The exclusion under § 4(4)(A) has two elements: the defendant's location must be unknown and the defendant must be attempting to avoid apprehension or prosecution. *Newton v. State,* supra. Appellant was released on a personal bond on October 5th. There were no conditions on such bond. Appellant testified he was never told to return within two days or any specific time. Deputy May testified his agreement for appellant to return within two days was with the Terrell police, not the appellant. The appellant related he was to go to Dallas in an attempt to locate a stolen gun and ring. Deputy McComas testified he talked to appellant over the telephone on October 5th who told him that he was in Garland and had not located the people with the stolen gun and ring. McComas testified he instructed the appellant to "keep hunting" until he found them. Appellant testified the address on the bond was his mother's where he received most of his mail, and he received no notice of any kind. Appellant testified he had never tried to hide. The evidence shows no act suggesting an attempt to avoid apprehension. The facts here are distinguishable from the facts of *Hamilton v. State,* 621 S.W.2d 407 (Tex.Cr.App.1981), where the defendant used a fictitious name. The State failed to discharge its burden as to the second element to show an exclusion under § 4(4)(A). *Newton v. State,* supra.

The next question is as to an exclusion under § 4(4)(B). It too has two elements: the defendant's location must be unknown and the State has been unable to determine defendant's location by due diligence.

Deputy May testified that no action was taken to forfeit the bond and no notices were sent to appellant at the address on the bond "to come in." May related he went to the address on the bond once. When this occurred is not shown. He stated he found

**2.** The State asserts appellant was "a fugitive" from October 7 until December 27, 1978, when he was re-arrested. Appellant was released on October 5, 1978 on a personal bond. There was no condition of the bond that appellant return within two days. Deputy May testified he had an agreement with the Terrell police that appellant would return within two days. He did not say he had an agreement with the appellant. Appellant denied such an agreement and no one from the Terrell police was called to testify.

an elderly woman there, but he didn't know whether this was appellant's mother. He did not find the appellant there at the time. He stated he made other searches. He did not describe them. A warrant of arrest for appellant was issued on October 12th. It was never executed. No return was ever made. The evidence does not show any effort to execute it. After indictment on December 5th, May said he arrested appellant in Dallas at some apartment complex on December 27th. Here again, we conclude the State has failed to discharge its burden to show an exclusion under § 4(4)(B).

The court erred in refusing to grant the motion to set aside the indictment under Article 32A.02, supra.

The judgment is reversed, the indictment is ordered dismissed and the appellant is ordered discharged under the Speedy Trial Act.

ROBERTS and McCORMICK, JJ., concur.