**Dwight Derome STOKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 68526.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 26, 1983.

Rehearing Denied April 18, 1984.

Louis F. Mathis, Texarkana, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for felony theft. Punishment was assessed at ten years and a fine of $444.11.

In one of his grounds of error appellant complains of denial of his motion to dismiss for failure to provide a speedy trial under Art. 32A.02, V.A.C.C.P. Under the provisions of that statute a felony should be brought to trial within 120 days of commencement of the criminal action. In this case the criminal action commenced on December 13, 1979, when the indictment was filed. Trial commenced in September of 1980, long after expiration of the 120 days. Before trial a hearing was held on appellant's motion to dismiss filed pursuant to the statute. The court asked "Does the State have anything in that regard?" The following exchange between the prosecutor and the court reflects the full extent of inquiry before the trial court overruled the motion:

"The State would show that according to the Court's docket sheet, there, that this matter has been previously set down. That it has been handled as judiciously as possible. As the Court is aware, we have been trying to move cases faster; all of the courts in Bowie County have been giving us additional time for criminal matters. This matter has been worked on the regular rotation basis and it has not been skipped at any time. It has been set previously. He has been transported from the Texas Department of Corrections twice to Bowie County, or three times to Bowie County, in expectation that this case might be reached. To this date it has not been reached. It will be disposed of this week. I think the State has made all due diligent effort to have this case disposed of.

"THE COURT: My recollection of the docket sheet is that the State has announced ready on each of the times, but because of the docket situation, we just didn't get to it in the week.

"MR. RAFFAELLI: That's correct. We set approximately, as the Court is aware, thirty to thirty-five cases, and try to work them out as best we can, and for various reasons it has not been reached during those periods that it has been previously set. The case is one of the older docket—cases on the docket at the present time. In fact, I think it is about the second or third oldest case on the docket. The oldest case was disposed of by guilty plea yesterday, and this is the second oldest case on the docket, so it is first this week. I think ...

"THE COURT: Well, the Court is aware that this is one of the older cases, and in setting the docket yesterday, these are the—were one and two. The other case that was disposed of by a guilty plea yesterday was one the Court said that these two cases would be tried this week if we didn't try anything else, because of the fact that the Court is aware that every effort has been made previously and that the defendant was brought down from T.D.C. on several occasions and the case not reached. But in view of the fact of the sickness of the juror this morning that caused the case not to go to trial today, the Court has set this case to be tried Thursday, so that it will be disposed of this week. The Court is of the opinion that every effort has been made to bring this case to trial; therefore, the motion is overruled."

The docket sheet reflects only three entries between return of the indictment and expiration of the 120 day period:

1–3–80    Order granting release of surety.

1–3–80    Case called. State ready. Defendant in jail in Arkansas.

1–7–80    Order granting release of surety.

In *Barfield v. State*, Tex.Cr.App., 586 S.W.2d 538, 542, the Court stated:

"... Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act. This declaration is a *prima facie* showing of conformity to the Act, but can be rebutted by evidence submitted by the defendant demonstrating that the state was not ready for trial during the Act's time limits. This evidence can be from any source including cross-examination of those responsible for preparing the state's case, and may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit."

In this case the only showing of readiness of the State before expiration of the 120 day period is the second docket entry of January 3, 1980. This same entry, however, also refutes the State's readiness on that date by also reciting that appellant was at that time in jail in Arkansas. Absent a showing of a diligent effort by the State to secure appellant's presence from Arkansas for trial at that time, the State's announcement of ready on January 3, 1980, was ineffective. See Art. 32A.02, Sec. 4(9), V.A.C.C.P.; *Newton v. State*, Tex.Cr.App., 641 S.W.2d 530; *Lee v. State*, Tex.Cr.App., 641 S.W.2d 533.

On the record in this case the State failed to make a showing of readiness within the time limits of the Act as required under *Barfield v. State*, supra. The trial court erroneously overruled the motion to dismiss.

The judgment is reversed and the cause remanded.

W.C. DAVIS, McCORMICK, MILLER and CAMPBELL, JJ., dissent.