**Joe Ray WEATHERS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–308–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 22, 1985.

Bishop, Payne, Lamsens & Brown, and Richard Lee Brown, Travis Young, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Russell Saunders, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HILL, JJ. (sitting for SPURLOCK).

## OPINION

ASHWORTH, Justice.

Appellant received a sentence of twenty-five years imprisonment in the Texas Department of Corrections after a plea of guilty to the court for the offense of murder. TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). This is a limited appeal on the basis of the Texas Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Pamp. 1966–1985).

We affirm.

On January 18, 1984, appellant was arrested for a murder allegedly committed on that same day. The indictment was filed on May 10, 1984, 114 days after appellant's arrest. On May 18, 1984, 122 days after appellant's arrest, the State filed its writ-

ten announcement of ready stating also that it had been ready for trial since May 10, 1984, the date the indictment was filed. Appellant filed his motion to dismiss under the Speedy Trial Act on May 23, 1984. A hearing was held and appellant's motion to dismiss was overruled.

In his sole ground of error, appellant contends that the trial court erred in failing to grant his motion to dismiss since the State filed its written announcement of ready 122 days after the appellant was arrested and therefore violated the Speedy Trial Act.

 The Texas Speedy Trial Act requires that a court must grant a motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a criminal action if the defendant is accused of a felony. TEX. CODE CRIM.PROC.ANN. art. 32A.02, sec. 1(1) (Vernon Pamp. 1966–1985). The threshold standard for dismissal under the Speedy Trial Act, "the State is not ready for trial," refers to the preparedness of the prosecution for trial, and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex. Crim.App.1979). It is incumbent upon the defendant, rather than the State, to make the first move in regard to a speedy trial question claim. *Id.* at 542. Once defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and at the times required by the Act. *Barfield*, 586 S.W.2d at 542. A timely announcement of "ready" is a prima facie showing that the State is ready for trial as required by the Speedy Trial Act and such showing may be made at the hearing on the motion to set aside the indictment by declaration that the State was ready and had been ready within the statutory time limit. *Lee v. State*, 641 S.W.2d 533, 535 (Tex.Crim.App.1982); *Barfield*, 586 S.W.2d at 542. When this is done, the burden shifts to the defense to show otherwise. *Lee*, 641 S.W.2d at 535; *Scott v. State*, 634 S.W.2d 853, 855 (Tex.Crim.App.1982).

 In the instant case, the State followed the procedure approved in *Lee*, by announcing, on May 18, 1984, that it was then ready for trial and had been ready since May 10, 1984. *See Lee*, 641 S.W.2d at 535. At the hearing, the prosecutor confirmed such readiness as of May 10. Thus, the burden shifted to appellant to show otherwise. The record before us shows that appellant was unable to carry that burden of proof.

 We note that appellant refers to this court's opinion in *Parish v. State*, 632 S.W.2d 200 (Tex.App.—Fort Worth 1982), which states the following regarding the 120-day period:

When the State fails to announce ready within that time, the defendant is entitled to have the indictment set aside. V.A.C.C.P. art. 32A.02, sec. 1; *Pate v. State*, 592 S.W.2d 620 (Tex.Cr.App.— 1980).

*Id.* at 202. Authority for such statement is not provided by *Pate* and the statement is incorrect. It is hereby overruled. The correct rule is that the State's announcement, which may be actually made after the 120-day period, must announce that the State was ready for trial within the 120-day period and is now ready.

Because the appellant did not successfully rebut the prima facie showing that the State was ready for trial, made by the State's announcement and additionally by the proof offered at the hearing, we overrule the ground of error.

In its brief, the State contends that the Speedy Trial Act is unconstitutional because its caption does not comply with art. III, sec. 35 of the Texas Constitution. We need not address this issue as we have held that the State sufficiently complied with the Speedy Trial Act.

Judgment affirmed.