Anthony GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00105–CR.

Court of Appeals of Texas, San Antonio.

Aug. 28, 1985.

Andrew Carruthers, San Antonio, for appellant.

Sam Millsap, Jr., Beth Taylor, Daniel Thornberry, Crim. Dist. Atty's Office, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for the offense of aggravated robbery with a deadly weapon upon appellant's plea of not guilty in a jury trial. His punishment was assessed by the court at fifteen (15) years' confinement.

In a single ground of error appellant contends that the trial court reversibly erred in overruling his motion to set aside the indictment underlying his conviction pursuant to the provisions of the Texas Speedy Trial Act, TEX.CODE CRIM.PROC. ANN. art. 32A.02 (Vernon Supp.1985).

The record reflects the following events pertinent to the issue involved in this appeal:

May 29, 1982—Robbery of E–Z Shop by gunman;

June 21, 1982—Appellant's photo identified as that of robber by store clerk from photo lineup;

July 2, 1982—Pre-indictment warrant issued by Justice Court for arrest of appellant;

October 13, 1982—Appellant indicted—capias issued for arrest of appellant;

October 14, 1982—Pre-indictment warrant returned unserved;

October 22, 1982—State's written announcement of ready filed;

September 5, 1983—Appellant arrested;

September 7, 1983—Indictment served on appellant;

October 5, 1983—Appellant's motion to suppress identification filed;

October 11, 1983—Appellant's first court appearance; Appellant's Motion to Set Aside Indictment for Failure to Provide Speedy Trial filed;

February 7, 1984—Jury selected and sworn;

February 8, 1984—Hearing commenced on appellant's motions to suppress identification and motion to set aside indictment out of presence of jury;

February 9, 1984—Appellant's motions denied; appellant arraigned; plea of not guilty; trial commences.

The Speedy Trial Act provides in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, ... if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Sec. 2(a) [A] criminal action commences for purposes of this article when an indictment, ... against the defendant is filed in court, unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

\* \* \* \* \* \*

Sec. 4. In computing the time by which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(4) a period of delay resulting from the absence of the defendant because his location is unknown and:

(A) he is attempting to avoid apprehension or prosecution; or

(B) the state has been unable to determine his location by due diligence;

\* \* \* \* \* \*

TEX.CODE CRIM.PROC.ANN. art. 32A.02, §§ 1, 2(a), 4(4)(A) & (B) (Vernon Supp.1985).

In support of his contention appellant argues that at the hearing on his motion to set aside the indictment he not only established that the State was in fact not ready for trial within 120 days of the commencement of the criminal action against him, but also, that the State failed to employ due diligence to determine his location within that period as provided by section 4(4)(B) and, thus, is entitled to no statutory period of exclusion.

The State argues that appellant has waived any error under the Speedy Trial Act by failing to obtain a hearing and a ruling on his motion prior to trial and refers us to section 3 of the Act. Such section provides as follows:

Sec. 3. The failure of a defendant to move for discharge under the provisions of this article prior to trial or the entry of a plea of guilty constitutes a waiver of the rights accorded by this article.

*Id.* § 3.

We cannot agree with the State that appellant did not preserve his speedy trial issue for review.

■ This is not a situation where an accused has failed to file his motion prior to the date of trial; it is more akin to *Noel v. State,* No. 827–83 (Tex.Crim.App. Mar. 14, 1984) (not yet reported) and *Finch v. State,* 643 S.W.2d 415 (Tex. Crim. App.1982). In *Finch,* the Court of Criminal Appeals, upon discretionary review, found that the filing of a motion to dismiss fifteen days before trial and not heard and ruled on until the day of trial, was a timely filing and urging of the motion under article 32A.02, section 3 and that

an issue for review was presented based on the Speedy Trial Act. *Finch,* 643 S.W.2d at 416. It is undeterminable from the opinions in *Finch* whether a jury had been selected prior to the hearing on the motion as in the instant case. In *Noel,* the Court of Criminal Appeals dispensed with any need to statutorily construe article 32A.02, section 3, because the statute is not ambiguous on its face; it placed no time limit on the filing of the motion. It did, however, state that:

[A]s a matter of public policy, ... questions directed to the very power of the court to resolve criminal controversies must be raised before trial proceedings actually begin; at risk is judicial economy in general and the trial judge's control of his court in particular. Responsive to these policies, the legislature has placed the duty on one seeking to defeat the court's jurisdiction to try him, to launch his attack before that authority is exercised. And in similar contexts (but without legislative guidance) such motions have been variably deemed timely when urged prior to announcement of ready or so long as testimony has not yet begun. [footnotes and citations omitted]. That the above policies are fully effectuated thereby is implicit in these holdings. Thus, when the record reflects these policies have in no way been frustrated and the trial court has considered and ruled on the merits of the motion, we discern no licit interest of reviewing courts in holding the motion untimely; [citation omitted]; this is particularly so when, as here, such a holding is contrary to the clear language of the governing procedural statute.

*Noel v. State,* no. 827–83, slip op. at 3–4 (Tex.Crim.App. Mar. 14, 1984).

In compliance with the guidelines set out in *Noel,* we find that the record in the instant case reflects the policies set out in article 32A.02, section 3, have in no way been frustrated and that the trial court considered and ruled on the motion. The trial court's actions support a conclusion that the trial court considered these policies

were in no way thwarted by hearing the motion after the jury had been impaneled. For us to hold the motion untimely would be contrary to the clear language of the statute. Accordingly, we hold the motion timely and will consider appellant's ground of error.

With regard to the State's written announcement of ready and the filing thereof, the State concedes, and we are in accord, that the failure of the State to have appellant in custody effectively rebuts the State's announcement of ready. The State did not and could not have secured his presence for trial until September 5, 1983, the date of accused's arrest. While it may have been ready for trial from an evidentiary standpoint, it could not have been ready for trial under article 32A.02 without the presence of appellant. *See Stokes v. State,* 666 S.W.2d 493, 494 (Tex.Crim.App.1983); *Newton v. State,* 641 S.W.2d 530, 531 (Tex. Crim.App.1982).

■ Upon a showing that the State is not ready for trial within the time allowed by the Speedy Trial Act, the burden shifts back to the State to prove there were excludable periods of delay that would extend the initial time limitation. *Phipps v. State,* 630 S.W.2d 942, 947 (Tex.Crim.App.1982).

The State urges that it should prevail on the merits of appellant's motion. It argues that it has met its burden to establish excludable time under section 4(4)(A) of the Speedy Trial Act and thus reduce the time elapsed to within the allowable 120 days from appellant's indictment.

We agree with the State that the criminal action in the instant case commenced for the purposes of the Speedy Trial Act when appellant was indicted on October 13, 1982. Therefore, the 120th day from the commencement of the criminal action was February 9, 1983. We also note that there is no dispute as to the State's readiness from the date of appellant's arrest on September 5, 1983, to date of trial.

The State argues that appellant was a fugitive from the date of his indictment, October 13, 1982, to the date of his arrest,

September 5, 1983, and when this is excluded from the time limitations, the State was not required to announce ready until sometime in January, 1984. The State further points out that appellant has not challenged the State's readiness for that period.

The exclusion under section 4(4)(A) has two elements: (1) the defendant's location must be unknown, and (2) the defendant must be attempting to avoid apprehension or prosecution. *Lee v. State,* 641 S.W.2d 533, 536 (Tex.Crim.App.1982).

Much of the testimony at the hearing on the motion concerns events preceding appellant's indictment. These events are irrelevant to the State's readiness within the 120 days from the commencement of the action, the date of the indictment. The preindictment activities of the appellant and agents for the State might have some bearing on the question of "due diligence" under section 4(4)(B), however, there is no requirement of a showing of "due diligence" under section 4(4)(A). We will now review the testimony at the hearing relevant to the question of notice to the State of appellant's whereabouts and his attempt to avoid apprehension or prosecution.

Appellant testified that since the date of his indictment and at the time of his arrest he had lived in the vicinity of the convenience store where the robbery occurred; that he had been in the place "mostly every weekend" prior to his arrest; that he had never left San Antonio or been arrested during that period; that he had worked in San Antonio during that period but did not say where; that he took a bus to work every day at a bus stop beside the convenience store and returned home from work and got off the bus at the same location at approximately the same time every day. He further testified that he changed addresses two times during that period and that none of the addresses at which he lived were in his name, that the owner and lessors of the addresses were his relatives but none of them had his surname; that he had no driver's license; that the address he gave when booked was not the address on

the warrant for his arrest; that he did not know the police were looking for him; that the house next door to the address shown on the warrant of arrest was occupied by his step-brother who had lived there before and during the period of time in question.

Detective Samuel C. Thomas, San Antonio Police Department, the officer to whom the robbery case had been assigned, related certain investigative procedures that he completed prior to the photo identification and indictment of appellant but that he did nothing on the case once he turned it over to the office of the district attorney for their pre-indictment investigation. He further testified that it is a rare occasion where after an indictment is returned that the San Antonio Police Department serves the warrant; that no effort was made by him or any member of the San Antonio Police Department at his direction to apprehend appellant at 503 Imperial Street, the address indicated in the warrant, or at the E–Z Shop, the location of the robbery.

Ricky Pena, an investigator with the office of the district attorney, testified that the case was assigned to him prior to indictment and that before or after appellant was indicted he never went to 503 Imperial or to the E–Z Shop in an attempt to arrest appellant; that he was advised by Virginia Garcia, one of the clerks in the store when it was robbed, that she had seen appellant in the store since the robbery; that he never tried to execute the warrant and arrest appellant; that it is unusual for his office to maintain a "stake out" or serve a warrant of arrest.

The witness, Armando Faz, a deputy sheriff in the Bexar County Sheriff's Office, assigned to the criminal warrant division, testified that the warrant for appellant's arrest was assigned to him; that he was not sure whether appellant was arrested on the preindictment warrant or another warrant; that he made one effort to serve the warrant at an unknown date but found the house at 503 Imperial vacant and for sale; that at that time he checked with the neighbors next door but that they could not tell him where appellant had moved to;

that he remembered calling the real estate agent's office listed on the "for sale" sign but did not remember ever having made contact with the particular agent handling the sale of the house at 503 Imperial; that he attempted to get a current driver's license with address for appellant through the computer but was unsuccessful; that he made no other efforts to locate appellant.

■ In our opinion, the evidence shows no act suggesting an attempt to avoid apprehension. We hold that the State failed to discharge its burden as to the second element to show an exclusion under section 4(4)(A).

■ Section 4(4)(B) has two elements of proof: (1) the defendant's location must be unknown, and (2) the State has been unable to determine defendant's location by due diligence. *See* TEX.CODE CRIM.PROC. ANN. art. 32A.02, § 4(4)(B) (Vernon Supp. 1985). Here again, from the record, we conclude the State failed to discharge its burden under section 4(4)(B).

Accordingly, we hold that the trial court erred in refusing to grant the motion to set aside the indictment under the Speedy Trial Act.

The judgment is reversed, the indictment is ordered dismissed and appellant is ordered discharged under the Speedy Trial Act.

DIAL, Justice, dissenting.

The trial judge heard the testimony of the defendant and the deputy sheriff who was assigned the duty of trying to locate the defendant. Apparently the judge believed that due diligence was exercised in trying to determine the location of the defendant under Section 4(4)(B) of the Speedy Trial Act. It is undisputed that the period of delay resulted from the absence of the defendant because his location was unknown.

There was ample evidence upon which the trial judge could base his ruling. I believe we should respect and affirm that

ruling rather than substitute ours derived from reading a cold record.

I must dissent from the otherwise well-written majority opinion.