**Terry Matthew SYKES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 152–85.**

Court of Criminal Appeals of Texas,
En Banc.

Oct. 15, 1986.

John W. Kennedy, Abilene, for appellant.

Jorge A. Solis, Dist. Atty. and Mark Heidenheimer, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

PER CURIAM.

In an unpublished opinion, having found that the State failed to comply with the 120 day limit imposed by the Texas Speedy Trial Act, Article 32A.02, V.A.C.C.P., herein Act, the Eastland Court of Appeals sustained appellant's first ground of error and, without addressing his remaining eight grounds, reversed judgment of the trial court.

On May 16, 1983, a felony complaint against appellant was presented to a magistrate who in turn issued an arrest warrant. The warrant was executed by arrest of appellant May 29, 1983. An indictment was returned September 9, 1983, appellant was arraigned and the State announced ready the same day.

The court below interpreted § 2 of the Act to provide that a criminal action "commences at the date the indictment, information or complaint is filed, which ever occurs first." Looking only to date the felony complaint was filed, and without mentioning or manifesting any regard for the fact that appellant had been arrested thirteen days later, it determined that the State's announcement 123 days after the former—but within 120 days of the latter—came too late.

In *Rios v. State*, 718 S.W.2d 730 (Tex. Cr.App.), the Court has concluded that a key event commencing a criminal action is *either* when a charging instrument (indictment, information or complaint) is filed to invoke jurisdiction of a trial court to conduct trial of the named accused of the offense alleged—in contrast to a complaint presented to a magistrate to secure an arrest warrant, as here—*or* when an ac-

---

cused is arrested for the same or a related offense, whichever event occurs first. Section § 2(a).

Accordingly, we reverse the judgment of the Eastland Court of Appeals and remand the cause to that court for consideration of appellant's remaining grounds of error.

TEAGUE, J., concurs in result.