Guadalupe **PALMAS,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00272–CR.

Court of Appeals of Texas, Dallas.

April 15, 1987.

Brook A. Busbee, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before McCLUNG, HECHT[1] and JAMES[2], JJ.

HECHT, Justice.

Appealing from a conviction of first degree murder, Guadalupe Palmas' sole complaint is that the trial court erred in denying his motion to dismiss pursuant to the Speedy Trial Act ("the Act").[3] We overrule Palmas' point of error and affirm.

On February 27, 1985, the grand jury indicted Palmas for a murder which occurred on August 10, 1984. Although the State announced ready for trial on March 7, 1985, Palmas was not arrested until August 29, 1985.

Section 1 of the Act requires:

A court shall grant a motion to set aside an indictment, information or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony....

The criminal action against Palmas was commenced, within the meaning of the Act, when the indictment was filed on February 27, 1985. *See Rios v. State,* 718 S.W.2d 730 (Tex.Crim.App.1986). On March 14, 1985, the State filed an announcement of ready as of March 7, 1985. The State's announcement of ready within the statutory time period establishes a prima facie case of compliance with the Act. *Ex parte Hilliard,* 687 S.W.2d 316, 318 (Tex.Crim. App.1985).

The burden then shifted to Palmas to show that the State was not ready within the time limit. *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Crim.App.1979). Palmas met this burden by establishing that he was not arrested until August 29, 1985. The presence of the defendant is a readiness burden which falls upon the State. *Lyles v. State,* 653 S.W.2d 775, 777 (Tex. Crim.App.1983). Notwithstanding its announcement, the State was not ready for trial, within the meaning of the Act, until it produced Palmas for trial on August 29, 1985, 183 days after the action commenced. Palmas therefore rebutted the State's prima facie showing of compliance with the Act.

The burden then shifted back to the State to prove any excludable periods of delay that would extend the time limitation. *Newton v. State,* 641 S.W.2d 530, 531 (Tex. Crim.App.1982). The State argues that the delay from Palmas' indictment to his arrest

---

**1.** The Honorable Nathan L. Hecht, Justice, succeeded the Honorable Lawrence B. Mitchell, Justice, at the expiration of his term after the case was submitted. Justice Hecht has reviewed the briefs and record before the Court.

**2.** The Honorable John A. James, Jr., Justice, retired, Court of Appeals for the Tenth District of Texas at Waco, sitting by assignment.

**3.** TEX.CODE CRIM.PRO.ANN. art. 32A.02 (Vernon Supp.1986). All statutory references are to sections of this article.

is excludable under section 4(4) of the Act, which provides:

> In computing the time by which the state must be ready for trial, the following periods shall be excluded: ...
>
> (4) a period of delay resulting from the absence of the defendant because his location is unknown and:
>
> (A) he is attempting to avoid apprehension or prosecution; or
>
> (B) the state has been unable to determine his location by due diligence....

■ To prove an excludable period under section 4(4)(A) the State must show that Palmas was attempting to avoid apprehension or prosecution between indictment and arrest. The only evidence offered by the State was that Palmas fled the scene following the shooting, and that information provided to police indicated that Palmas had returned to Mexico. The latter hearsay does not prove that Palmas was in Mexico, much less that he went there to avoid apprehension or prosecution. Evidence that Palmas fled the scene does not prove that he was still attempting to avoid apprehension or prosecution six months to a year later. In sum, the State failed to show excludable delay under section 4(4)(A) of the Act.

To prove an excludable period under section 4(4)(B) the State must show that it was unable to locate Palmas through due diligence. Preindictment investigations may be used by the State to demonstrate due diligence. *Garcia v. State*, 696 S.W.2d 262, 265 (Tex.App.—San Antonio 1985, pet.

granted). Officer Allison testified that police looked for Palmas at three addresses, one obtained from the registration of the vehicle driven from the scene of the crime, and the other two from researching prior incident reports. Allison testified that police continued to check the addresses several times without success throughout the year after the offense, until Palmas was finally apprehended at yet another address. At the time he was arrested in Dallas Palmas' wife told police he was in Mexico.

■ Due diligence is not defined in the Act. What diligence is due depends upon the circumstances of the particular case. Palmas is a resident of Mexico who migrates to the United States now and then to work awhile and return home. Dallas police investigated the offense, identified Palmas as a suspect, ascertained through investigation and research three possible local addresses for Palmas, and repeatedly checked all these addresses for a year. To require more of the State in these circumstances would be unrealistic, not due diligence. Neither the constitution nor the Act requires a metropolitan police force fighting a rising crime rate to turn the state upside down or institute an international dragnet looking for an itinerant murderer. A thorough investigation followed by repeated searches of all known addresses is sufficient to show due diligence, absent other circumstances.[4]

The State was unable to locate Palmas by due diligence until the day he was arrested. The entire period from indictment

4. *See Amador v. State*, 696 S.W.2d 460, 462 (Tex.App.—Houston [14th Dist.] 1985, no pet.) (due diligence shown where, during 17 months from offense to arrest, deputy sheriffs searched for defendant for several weeks and requested assistance from Houston police, who also conducted an active search); *Coachman v. State*, 692 S.W.2d 940, 943 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd) (due diligence shown where, during 22 months from offense to arrest, police officers checked the only two addresses known for defendant and repeatedly ran NCIC-TCIC computer checks, and court investigator repeatedly checked same addresses and a possible "hang-out" and questioned individuals there).

Cf. *Garcia v. State*, 696 S.W.2d 262, 265–266 (Tex.App.—San Antonio 1985, pet. granted) (due

diligence not shown where, during 15 months from offense to arrest, defendant lived near the convenience store he had robbed, used a bus stop beside the store every day going to and from work, and even patronized it almost every weekend, and deputy sheriff made only one effort to arrest defendant at vacant house, checked with neighbors, tried to telephone but did not recall ever contacting realtor selling vacant house, and tried unsuccessfully to obtain defendant's driver's license through the computer); *Beddoe v. State*, 681 S.W.2d 114 (Tex.App.—Houston [14th Dist.] 1984, pet. granted) (due diligence not shown where, during 22 months from offense to arrest, no attempt to arrest defendant other than deputy sheriff's logging arrest information on NCIC–TCIC computer).

to arrest is therefore excludable under section 4(4)(B) of the Act. The State having announced ready for trial prior to Palmas' arrest was automatically ready when Palmas was apprehended and within the period prescribed by the Act. Accordingly, we overrule appellant's point of error and affirm the judgment of the district court.[5]

---

**5.** In view of our holding, the State's argument that the Act is unconstitutional does not require discussion.