Jerry BITTLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00915–CR.

Court of Appeals of Texas,
Dallas.

May 11, 1987.

Rehearing Denied June 15, 1987.

George Roland, McKinney, for appellant.

H. Ownby, Dist. Atty., Roger V. Dickey, Asst. Dist. Atty., McKinney, for appellee.

Before DEVANY, STEWART and ROWE, JJ.

DEVANY, Justice.

Jerry Bittle appeals his conviction for driving while intoxicated. In appellant's sole point of error he asserts that the trial court erred in denying his motion to dismiss pursuant to the Speedy Trial Act ("the Act").[1] We agree. The judgment of the

1. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1987). All statutory references

trial court is reversed and the information is ordered dismissed under the terms of the Act.

On July 29, 1985, an information was filed against appellant for driving while intoxicated on June 5, 1985. Although the State announced ready for trial on July 29, 1985, appellant was not arrested until November 3, 1985. It is important to stress in this set of facts that the appellant was not arrested on June 5, 1985.

Section 1 of the Act requires:

A court shall grant a motion to set aside an indictment, information or complaint if the State is not ready for trial within:

\* \* \* \* \* \*

(2) 90 days of the commencement of a criminal action if the defendant is accused of a misdemeanor punishable by a sentence of imprisonment for more than 180 days....

The criminal action against appellant in this case was commenced, for purposes of the Act, when the information was filed on July 29, 1985. *Sykes v. State,* 718 S.W.2d 733, 733 (Tex.Crim.App.1986); *Rios v. State,* 718 S.W.2d 730, 732 (Tex.Crim.App. 1986). On that same day, the State filed an announcement of ready. This announcement of ready within the statutory time period established a prima facie case of compliance with the Act. *Crawford v. State,* 703 S.W.2d 655, 660 (Tex.Crim.App. 1986); *Wayne v. State,* 718 S.W.2d 393, 395 (Tex.App.—Dallas 1986, no pet.).

The burden then shifted to appellant to show that the State was not ready within the time limit. *Crawford,* 703 S.W.2d at 660; *Barfield v. State,* 586 S.W.2d 538, 542 (Tex.Crim.App.1979). Appellant met his burden by establishing that he was not arrested until November 3, 1985. The presence of the defendant is a readiness burden which falls upon the State. *Lyles v. State,* 653 S.W.2d 775, 777 (Tex.Crim. App.1983); *Palmas v. State,* 730 S.W.2d 347 (Tex.App.—Dallas 1987, no pet.).

are to sections of this article.

Despite its pronouncement to the contrary, the State was not ready for trial, within the meaning of the Act, until it secured the presence of the defendant on November 3, 1985, ninety- five days after the action commenced. Appellant, therefore, rebutted the State's prima facie showing of compliance with the Act.

The burden then shifted back to the State to show any excludable periods of delay that would extend the time limitation. *Newton v. State*, 641 S.W.2d 530, 531 (Tex. Crim.App.1982). The State maintains that the delay from the date the information was filed to the date of appellant's arrest is excludable under section 4(4)(B) of the Act, which provides:

> In computing the time by which the State must be ready for trial, the following periods shall be excluded....
>
> (4) a period of delay resulting from the absence of the defendant because his location is unknown and: ...
>
> (B) the State has been unable to determine his location by due diligence.

To prove an excludable period under section 4(4)(B) two facts must be shown: the defendant's location must be unknown and the State has been unable to locate the defendant through due diligence. *Lee v. State*, 641 S.W.2d 533, 536 (Tex.Crim.App. 1982). The evidence presented at the hearing on appellant's motion to dismiss was extremely sparse. Indeed, the entire record of the hearing is a mere four pages. It is not disputed in the record that defendant was first arrested on November 3, 1985, ninety-five days from the commencement of the action. We further note that the officer's affidavit in support of probable cause for the arrest of the appellant was executed on June 18, 1985, but the capias was not issued until September 9, 1985. In response to appellant's motion to dismiss under the speedy trial act, the State argued that, since the capias for the defendant's arrest was issued within ninety days of the commencement of the action, this alone showed "good diligence" in attempting to secure the presence of the defendant. Although it is not clear from

the State's rather short brief, we assume this to be their position on appeal as well. Except for the evidence mentioned above, no other evidence was presented at the hearing.

We have examined the record and conclude that the State has wholly failed to show any excludable period of delay under the Act. First, the State introduced no evidence that appellant's whereabouts were unknown. Therefore, the State has failed to satisfy the first prong of 4(4)(B) of the Act. Second, the mere issuance of an arrest warrant, without more, is insufficient to show due diligence. *Cf. Lyles*, 653 S.W.2d at 777; *Newton*, 641 S.W.2d at 531; *Wright v. State*, 696 S.W.2d 288, 289–92 (Tex.App.—Fort Worth 1985, pet. granted); *Garcia v. State*, 696 S.W.2d 262, 265–66 (Tex.App.—San Antonio 1985, pet. granted). In summation, the record stands in stark contrast to the State's assertion that due diligence was shown. Rather, the record reveals that no evidence was presented to prove that the State exercised any diligence whatsoever to secure the presence of the defendant.

For the reasons stated, the judgment of the trial court is reversed and the information is ordered dismissed.