Ex parte George Robert
**JONES, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–89–094–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 22, 1989.

Discretionary Review Granted
(Appellant) Jan. 17, 1990.

Discretionary Review Granted
(State) Jan. 17, 1990.

Ward Casey, Tom Zachary, Zachary, Hill, Beatty & Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Lisa McMinn, Asst. Dist. Atty., Fort Worth, for appellees.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

The two issues in this appeal from a habeas corpus proceeding are (1) whether the trial court erred in failing to reduce George Robert Jones' (appellant's) bond to $14,000 for the offenses of capital murder and murder and (2) whether article 17.151 of the Texas Code of Criminal Procedure is unconstitutional.

We hold the trial court did not err in failing to reduce the bond to $14,000, and that the trial court did not err in setting appellant's pre-trial bail at $105,000 for the offenses of murder and capital murder. Furthermore, we hold that article 17.151 is unconstitutional because it impermissibly encroaches on the prosecution's discretion in the preparation of cases for trial. TEX. CODE CRIM.PROC.ANN. art. 17.151 (Vernon Supp.1989). As a result, we affirm the trial court's judgment.

Originally, Jones was arrested on murder charges. He posted a bond on those charges October 4, 1988. On the State's motion, this bond was declared insufficient because Jones had become a key suspect in two capital murders. He was arrested and held without bond October 7, 1988. Jones was subsequently indicted on the murder and both capital murder charges on November 8, 1988. Initially, bail was set at $500,000 for the capital murder charges and $50,000 for the murder charge. Jones filed a writ of habeas corpus and on April 3, 1989, his bond was reduced to $20,000 for the murder charge and $20,000 for the capital murder charges, for a total of $40,-000. However, later that day, the trial judge withdrew the bond reduction and set the habeas corpus hearing for April 7, 1989.

At the habeas corpus hearing, Jones testified that he was a lifelong resident of Tarrant County, and all of his immediate family lived in the county except for one sister. He stated he had never been convicted of a felony and had never forfeited a bond. He testified he had worked for an automotive shop for the past eight years, and that conversations with his employer indicated that job was still available to him pending his trial on murder and capital murder charges.

Jones testified he had attempted to raise money and could only raise $2,000 from loans from his mother and employer.

A bail bondsman testified that based on this testimony, he would furnish a bail bond for a 15% premium. Based on this testimony, Jones claims the only bond he can make is $14,000.

At the April hearing, the State, through one of the district attorneys, testified that it "has been ready for trial, at least to begin the jury selection process...." This information was offered in rebuttal to testimony by one of the defense lawyers that, based upon his review of the State's file, the State was not and had not been ready for trial since Jones' initial arrest.

The State did not attempt to introduce evidence of the alleged crimes. None-

theless, Jones' attorney admitted on cross-examination that the State's file contained a statement from an alleged accomplice which indicated Jones had committed the murder and two capital murders.

At the end of the hearing, the trial judge set bond at $80,000 for the capital murder charges and $25,000 for the murder charge.

In his first point of error, Jones contends the bond of $105,000 is excessive and in violation of the eighth and fourteenth amendments to the United States Constitution, article I, section 11 of the Texas Constitution, and articles 1.07 and 17.15 of the Texas Code of Criminal Procedure.

■ Article I, section 11 of the Texas Constitution is inapplicable to our fact situation. Section 11 allows pre-trial detention without bail for sixty days in capital murder cases upon "proof evident" that the defendant committed the offense and that a jury would probably assess the death penalty. At both habeas corpus hearings, the State announced it did not intend to proceed under section 11.

There is no discussion of any United States constitutional violations contained in Jones' brief. As a result, these issues are not presented for our review.

The guidelines for setting bail are set out in article 17.15 of the Texas Code of Criminal Procedure, which provides:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense may be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15 (Vernon Supp.1989).

■ The burden of proof in a bond reduction hearing is on the defendant. *Ex parte Plumb*, 595 S.W.2d 544, 545 (Tex. Crim.App. [Panel Op.] 1980). A court of appeals may not disturb the trial court's ruling except on an abuse of discretion. *Ex parte Dueitt*, 529 S.W.2d 531, 532 (Tex. Crim.App.1975). Therefore, the defendant bears the burden of proving that the amount of the bail set by the trial court is excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.App. [Panel Op.] 1981). Jones points out his testimony established that he had significant ties to the community, and he does not have the ability to make a bond in excess of $14,000.

■ However, while Texas courts have held that the inability of a defendant to make a particular bond is a consideration, the financial resources of a defendant do not alone control the amount of the bond. *Ex parte Sierra*, 514 S.W.2d 760, 761 (Tex. Crim.App.1974); *Ex parte Miller*, 631 S.W.2d 825, 827 (Tex.App.—Fort Worth 1982, pet. ref'd).

■ Indeed, the range of potential punishment may be considered as a factor in determining what constitutes a reasonable bond. *Ex parte Rubac*, 611 S.W.2d at 849. Although the State chose not to put on evidence of specific circumstances of the offense, the reading of the indictment reveals that Jones was charged with capital murder of two people, and the murder of another. These offenses were alleged to have occurred on the same date and within a twelve-hour period of each other. Additionally, the defendant's attorney testified that a statement in the State's file implicated Jones in each of the murders.

A conviction for capital murder carries a penalty of life imprisonment or death and a conviction for murder could result in ninety-nine years or life confinement.

■ In light of the factors considered by the trial court, including the nature of the charged offense, the possible punishment stage, and the evidence regarding Jones' ties to the community, we cannot hold the

trial court abused its discretion in setting bond at $105,000.

In his second point of error, Jones contends he was statutorily entitled to reasonable bail or personal bond, which he could make, because the State was not ready for trial within ninety days of the commencement of his detention. TEX.CODE CRIM. PROC.ANN. art. 17.151 (Vernon Supp. 1989). Our record reflects that Jones was jailed on October 7, 1988, and remained in custody through the habeas corpus hearing which concluded on April 7, 1989.

 Under article 17.151, the State had the burden to prove it was ready within ninety days of the defendant's initial confinement.[1] However, an announcement of "ready" within the statutory timetable constitutes a prima facie showing that the State is ready for trial. *Lee v. State*, 641 S.W.2d 533, 535 (Tex.Crim.App.1982).

 The State attempted to make a prima facie showing through one of the assistant district attorneys, who testified that subject to the judge's availability and docket, "the State has been ready for trial, at least to begin the jury selection process in this particular matter...."

We do not believe this was a prima facie showing that the State was ready for trial because the State did not indicate when it was ready or give an indication of whether it was ready during the ninety-day period. The Texas Court of Criminal Appeals reached a similar conclusion in a case governed by the Speedy Trial Act by holding that an announcement that the State was ready at a hearing on a motion to dismiss for Speedy Trial Act violations would not establish a prima facie case. *Smith v. State*, 659 S.W.2d 828, 830 (Tex.Crim.App. 1983).[2]

As a result, we must hold the State did not meet its burden to prove it was ready for trial within ninety days of Jones' initial incarceration.

The State contends article 17.151 is a constitutionally impermissible infringement on the judicial branch by the legislature. In support of its contention, the State relies on the Court of Criminal Appeals' decision in *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim.App.1987). In *Meshell*, the Court of Criminal Appeals held that the Speedy Trial Act contained in article 32A.02 of the Code of Criminal Procedure, impermissibly encroached upon the prosecution's discretion in the preparation of cases for trial. In reaching that decision, the Court of Criminal Appeals cited a number of specific areas in which article 32A.02 fell short of constitutional requirements: (1) few distinctions were drawn under the Act based upon the reason for the delay; (2) no consideration was given to the defendant's failure to request a speedy trial; and (3) it contained no requirement that the defendant show prejudice. *Id.* at 256–57.

 Article 17.151 is a companion statute to article 32A.02. Both were enacted under Senate Bill No. 1043, which was passed by the Senate and House on April 28, 1977 and May 20, 1977, respectively. Article 17.151 suffers similar constitutional defects as noted by the Court of Criminal

---

1. The Court of Criminal Appeals has indicated that cases decided under the Speedy Trial Act (article 32A.02) are instructive on procedures under article 17.151. *Kernahan v. State*, 657 S.W.2d 433, 434 (Tex.Crim.App.1983). As a result, we rely on the Court of Criminal Appeals' precedent that the State has the burden of proof to establish it was ready within the applicable time period in cases under the Speedy Trial Act. *Lee v. State*, 641 S.W.2d 533, 535 (Tex.Crim.App. 1982). However, there is language in at least one case which indicates the petitioner has the burden of proving the State was not ready for trial within ninety days of incarceration. *Bala-*

*wajder v. State*, 759 S.W.2d 504, 506 (Tex.App.— Fort Worth 1988, pet. ref'd).

2. The Court of Criminal Appeals has wrestled with the sufficiency of the State's announcement to create a prima facie showing that the State was ready during the Speedy Trial Act's timetables. For example, in the *Barfield* line of cases, the Court of Criminal Appeals held that the State's announcement that it was "ready then and at all times required by the Act" was sufficient to create a prima facie showing that the State was ready during the applicable time period. *Barfield v. State*, 586 S.W.2d 538, 542

Appeals in the Speedy Trial Act, article 32A.02. This is particularly true in that article 17.151 does not allow any consideration of the reason for the delay in the accused's trial.[3] In some particulars, article 17.151 is a tighter constraint on the prosecution's discretion than those contained in the Speedy Trial Act, article 32A.02.[4]

In *Meshell*, the Court of Criminal Appeals noted that an obvious corollary to a district or county attorney's duty to prosecute an accused citizen is the utilization of his or her own discretion in the preparation of those cases for trial. The court noted that under the separation of powers doctrine, the legislature may not remove or abridge a district or county attorney's exclusive prosecutorial function, unless authorized by an express constitutional provision. *Id.* at 254–55. Article 17.151 obviously encroaches on the prosecution's discretion in the preparation of cases for trial because it forces the county and district attorneys of this state to either bring criminal prosecutions within a short period of time or allow the release of those defendants upon any bail, however low, that such defendants can afford.

Furthermore, one of our sister courts of appeals has ruled that the Court of Criminal Appeals' decision in *Meshell* effectively rendered article 17.151 unconstitutional because it was a companion statute to article 32A.02. *Ex parte Danziger*, 775 S.W.2d 475 (Tex.App.—Austin, 1989). In that opinion, the Austin Court of Appeals noted that Senate Bill No. 1043 contained no savings provision and that the effect of the *Meshell* decision was to hold Senate Bill No. 1043 unconstitutional in its entirety.

Therefore, we overrule Jones' second point of error.

(Tex.Crim.App. [Panel Op.] 1979); *Lee v. State,* 641 S.W.2d 533, 535 (Tex.Crim.App.1982).

3. The State introduced evidence indicating that other factors, outside the State's control, had interfered with bringing Jones to trial. These factors included the court's crowded docket and another capital murder case.

Having overruled both of Jones' points of error, we affirm the judgment of the trial court.

4. Article 32A.02 allowed for some circumstances under which a delay would not require discharge of the defendant. Those provisions were included in section 4.6(A). In other reasonable periods which are justified by "exceptional circumstances," article 17.151 lacks any provision which would excuse delay.